UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

November 21, 2023

LETTER TO ALL COUNSEL OF RECORD

Re: *Adrian H. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 23-406-CDA

Dear Counsel:

On February 15, 2023, Plaintiff Adrian H. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny his claim for benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 9) and the parties' briefs (ECFs 13, 15, 16). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the SSA's decision. This letter explains why.

## I. PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on September 15, 2017, alleging a disability onset of May 31, 2012. Tr. 247–56. The claim was denied initially and on reconsideration. Tr. 173–76, 182–85. On September 24, 2019, an Administrative Law Judge ("ALJ") held a hearing. Tr. 40–109. Following the hearing, on January 31, 2020, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 21–39. After the Appeals Council denied Plaintiff's request for review, Tr. 8–13, Plaintiff petitioned this Court to review the decision. Tr. 769–76.

The Court remanded Plaintiff's case to the SSA for further review on January 12, 2022. Tr. 777–79. On remand, the Appeals Council vacated the ALJ's decision. Tr. 782–86. A second hearing was held by a different ALJ on November 18, 2022. Tr. 723–43. On December 8, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 697–722. That decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. §§ 416.1484(d), 422.210(a).

---

[1] 42 U.S.C. §§ 301 et seq.

## II.	THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. § 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since . . . the application date[.]" Tr. 702.  At step two, the ALJ found that Plaintiff suffered from severe "degenerative disc disease of the spine; right eye blindness; left eye glaucoma; asthma; obesity; and bipolar and depressive disorders." Tr. 703.  The ALJ also determined that Plaintiff suffered from non-severe "cocaine and alcohol abuse disorders."  *Id*.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  *Id*.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except: He must have a sit/stand option that allows him to sit or stand alternately, as needed at the workstation, provided that he can remain on task while in either position during the work period.  He can occasionally climb ramps and stairs but [can] never climb ladders, ropes, or scaffolds.  He can occasionally balance, stoop, kneel, and crouch but [can] never crawl.  He can never be exposed to unprotected heights or moving mechanical parts but can tolerate occasional exposure to chemicals and irritants such as fumes, odors, dusts, gases, and poorly ventilated areas.  The claimant must avoid work requiring bilateral visual acuity but is able to avoid ordinary workplace hazards such as boxes on floors, doors ajar, or approaching people or vehicles.  He cannot perform jobs that require reading of very small fine print, meaning print smaller than the standard 12-point font.  He cannot perform jobs that require exposure to vibration.  He is able to perform simple, routine tasks but cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas.  He can perform jobs in a low-stress work environmental [sic] defined as requiring only occasional decision making and occasional changes in the work setting[.]  He can have frequent interaction with co-workers, with the public, and with supervisors.

Tr. 707.  The ALJ determined that Plaintiff had no past relevant work but could perform other jobs that existed in significant numbers in the national economy, including the job of "Photo machine

operator" (DOT[2] #207.685-014), "Operator" (DOT #208.685-010), and "Ticket print[er]/Price tagger" (DOT #652.685-094). Tr. 713–14. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 714.

### III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached by applying the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

On appeal, Plaintiff argues that the ALJ's step-five determination is not supported by substantial evidence for three reasons. ECF 13, at 7–12. First, Plaintiff contends that the ALJ erred by determining that Plaintiff can perform the job of photo machine operator because the job is obsolete. *Id.* at 7–8. Second, Plaintiff argues that because his RFC restricts him from exposure to "moving mechanical parts," he cannot perform the job of operator or the job of ticket printer/price tagger, both of which involve contact with moving mechanical parts. *Id.* at 10–11. Third, Plaintiff contends that because the RFC restricts him from work requiring "bilateral visual acuity," he cannot perform the job of photo machine operator or the job of ticket printer/price tagger, both of which require "[n]ear acuity." *Id.* at 11–12.

Defendant counters that: (1) pursuant to the DOT, neither the job of operator nor the job of ticket printer/price tagger involves exposure to moving mechanical parts; (2) a "reasonable" reading of the RFC does not prevent Plaintiff from performing jobs that require "near acuity"; and (3) even if the job of photo machine operator is obsolete, the ALJ's step-five conclusion is not "undermine[d]" because the ALJ properly identified two other jobs at step five. ECF 15, at 6–10.

---

[2] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

Because it is dispositive of this matter, the Court begins by considering Plaintiff's argument that the RFC conflicts with the ALJ's determination that Plaintiff can work as an operator. Plaintiff contends that because the RFC prohibits Plaintiff from exposure to "moving mechanical parts," Plaintiff is foreclosed from work as an operator, which, according to the DOT, involves the manipulation and observation of machines and equipment. ECF 13, at 10–11.

At step five of the sequential evaluation process, the SSA must prove that a claimant can perform "work that exists in significant numbers in the national economy." *See Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citations omitted). To do so, the SSA relies upon information contained in the DOT. *See id.* (citing Social Security Ruling ("SSR") 00-4P, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000)). As explained above, the DOT lists occupations existing in the national economy and explains the physical and mental requirements relevant to those occupations. *See id.* at 211 n.1. During a hearing on a claim for benefits, a vocational expert uses the information contained in the DOT to provide testimony on job-related issues. *See* SSR 00-4P, 2000 WL 1898704, at *2. In relying upon a vocational expert's testimony at step five, an ALJ must ensure that any "apparent" conflicts between the DOT and the testimony are reasonably resolved. *Id.* at *4; *see also Pearson*, 810 F.3d at 209 (explaining that a conflict is "apparent" when a vocational expert's testimony "seems to, but does not necessarily, conflict with" the DOT).

Plaintiff is correct that the job of operator involves the use of machinery. The DOT describes this job as follows: "Tends machine that assembles pages of printed material in numerical sequence: Adjusts control that regulates stroke of paper pusher, according to size of paper. Places pages to be assembled in holding trays. Starts machine. Removes assembled pages from machine." 208.685-010 COLLATOR OPERATOR, 1991 WL 671753 (1991). Nevertheless, a careful review of the complete DOT entry for the job of operator belies Plaintiff's argument. Specifically, the job's DOT entry contains the following notation: "Moving Mech. Parts: Not Present - Activity or condition does not exist[.]" *Id.* Therefore, the Court disagrees with Plaintiff that any conflict exists between the job of operator and the RFC's prohibition against working with moving mechanical parts.

"[T]he ALJ need only identify a single job within the claimant's capacity that exists in significant numbers in the national economy" at step five. *Lippincott v. Comm'r of Soc. Sec.*, 982 F. Supp. 2d 358, 384 (D.N.J. 2013). Accordingly, and because Plaintiff offers no other bases for arguing that the ALJ erroneously identified the job of operator at step five, the Court concludes that remand on the basis of the ALJ's step-five analysis is unwarranted.[3]

---

[3] Because the Court concludes that the ALJ identified at least one suitable job at step five, the Court does not reach Plaintiff's arguments regarding alleged conflicts between the DOT and the ALJ's conclusions that Plaintiff could perform the jobs of photo machine operator and ticket printer/price tagger, as any such conflicts would amount to harmless error. *See Leggett v. Comm'r, Soc. Sec. Admin.*, No. SAG-12-1405, 2013 WL 1352298, at *3 (D. Md. Apr. 2, 2013) (determining that an ALJ's potential step-five error regarding certain jobs was harmless because no such error existed as to at least one job identified by the vocational expert).

*Adrian H. v. Kijakazi*
Civil No. 23-406-CDA
November 21, 2023
Page 5

## V.     **CONCLUSION**

For the reasons set forth herein, the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge